## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STEPHANIE GONZALES, et al.,

          Plaintiffs,

v.                                        No. CIV 05-941 BB/LFG

THE GOODYEAR TIRE AND RUBBER COMPANY,
et al.,

          Defendants,

ALICIA MARIE HOLGUIN, et al.,

          Plaintiffs-Intervenors

v.

THE GOODYEAR TIRE AND RUBBER COMPANY,
et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS-INTERVENORS' MOTION FOR A DETERMINATION OF THE
## SUFFICIENCY OF DEFENDANT GOODYEAR'S RESPONSES TO
## FIRST SET OF REQUESTS FOR ADMISSIONS

THIS MATTER is before the Court on Plaintiffs-Intervenors' Motion for a Determination of the Sufficiency of The Goodyear Tire & Rubber Company's Responses to Plaintiffs-Intervenors' First Set of Requests for Admissions [Doc. 122], filed herein on July 3, 2006. Plaintiff-Intervenors will be referred to herein as "Plaintiffs," for simplicity and in keeping with their own nomenclature in their briefing. Defendant The Goodyear Tire & Rubber Company ("Goodyear") filed its Response [Doc. 141] to the Motion on July 20, 2006, and Plaintiffs filed their Reply [Doc. 159] on August 7, 2006. The Motion is now fully briefed and ready for ruling.

Factual and Procedural Background

This is a products liability and negligence action arising out of an automobile accident, brought by two sets of plaintiffs against Goodyear and other defendants. Plaintiffs allege that the accident was caused, *inter alia*, by a design or manufacturing defect in a Goodyear tire, which defect resulted in separation of the tire tread and caused the rollover accident.

On June 12, 2006, Goodyear served its responses to Plaintiffs' First Set of Requests for Admissions [*see* Doc. 107]. Plaintiffs' counsel contacted counsel for Goodyear on June 26, 2006 to discuss the responses, which Plaintiffs deemed insufficient. No resolution was reached, but Goodyear's counsel informed Plaintiffs' counsel that amended responses would be served. In the meantime, on July 3, 2006, Plaintiffs filed this Motion. The amended responses were served on July 7, 2006 [*see* Doc. 128]. In their Reply, filed after service of the amended responses, Plaintiffs tell the Court that, even with the amendments, none of the responses is sufficient. They ask the Court to determine the sufficiency of all 20 of the Requests for Admission.

Discussion

Requests for Admission ("RFAs") are governed by Rule 36(a) of the Federal Rules of Civil Procedure. A party may serve RFAs on another party, asking the responding party to admit the truth of any matters, relevant to the claims and defenses in the case, that relate to statements or opinions of fact or of the application of law to fact. Fed. R. Civ. P. 36(a).

Each matter for which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service, the party to whom the RFA is directed serves a written answer or objection addressed to the matter. If objection is made, the reasons therefor must be stated. The answer shall specifically deny the matter, or set forth in detail the reasons why the

2

answering party cannot truthfully admit or deny the matter.  When good faith requires that a party qualify an answer, or deny only a part of the Request, the answering party shall specify so much of it as is true and qualify or deny the remainder.  The party may not give lack of information as a reason for failure to admit or deny, unless the party states that it has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable it to admit or deny.  Id..

Any admission made by a party under Rule 36 is for the purpose of the pending action only and is not an admission for any other purpose, nor may it be used against the party in any other proceeding.  Fed. R. Civ. P. 36(b).  Once a matter is admitted it is conclusively established, unless the court on motion permits withdrawal or amendment of the admission. Id.; Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005).

Requests for admission differ from other discovery devices in that they are not necessarily used to obtain information but rather to expedite trial and relieve parties of the burden and expense of proving facts which are undisputed.  A RFA is not strictly speaking a discovery tool at all, but is simply a device for determining which facts are still in dispute and which facts can be eliminated from the case so as to narrow the issues that must be tried.  T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., 174 F.R.D. 38, 42 (S.D.N.Y. 1997).

Upon receipt of a RFA, the responding party has four options:  (1) admit the request in full or in part; (2) deny the request in full or in part; (3) set forth reasons why the party cannot admit or deny the request; or (4) object to the request by stating a specific objection or applying for a protective order.  Steven Baicker-McKee, et al., Federal Civil Rules Handbook 2006 727 (2006).

"The requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny

without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." Henry v. Champlain Enters., Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003). For its part, the responding party is expected to admit unless it disagrees with the statement embodied in the request, in which case the party must deny or object. Any denial must be "forthright, specific and unconditional" unless a qualified response is necessary; for example, when the statement, if taken out of context, conveys unwarranted implications. Any such qualification is expected to provide clarity and lucidity and not to obfuscate or frustrate. Any objection must be directed and specifically related to a specific request. "General objections without any reference to a specific request are meritless." Id., at 77-78.

If the Court determines that an answer does not comply with the requirements of Rule 36, it may either order that the matter is admitted, or it may permit an amended response to be served. Fed. R. Civ. P. 36(a).

With these principles in mind, the Court turns to the individual RFAs at issue in this case, that is, all 20 of them, the parties having been unable to reach any resolution through their own efforts.

RFA No. 1

This Request reads, "Adolfo Michael Valencia [the decedent driver] was a person who Goodyear could reasonably expect to use of its products."

Goodyear initially objected on grounds the request is incomprehensible, overly broad, vague, ambiguous and because of indefiniteness of the term "expect," and it stated it could neither admit nor deny the request. In its amended response, without waiving its objections, Goodyear admits that Adolfo Michael Valencia was within a class of persons whom Goodyear could reasonably expect to occupy a vehicle on which a Goodyear tire was mounted, but denies the request in other respects.

4

Goodyear's objection to this RFA is overruled.  As Plaintiffs note in their briefing, the RFA contains an obvious typographical error, in that the word "of" was inadvertently included.  This does not render the RFA incomprehensible, nor is the Request overly broad, vague or ambiguous.  As Plaintiffs point out, the concept of "persons who can reasonably be expected to use a product" is an ordinary part of a products liability lawsuit.  Goodyear has essentially admitted the matter.  Its statement that it does not waive its objections, while making the concession noted above, is ineffective.

RFA No. 1 is deemed admitted.

<u>RFA No. 2</u>

This RFA reads, "Mary Alice Valencia and Gerald Padilla [passengers in the vehicle at the time of accident] were persons who Goodyear could reasonably expect to be in the vicinity during the use of the product."

Goodyear objected to the term "vicinity" as undefined, overly broad, vague and ambiguous.  Without waiving the objections, it admits that these two persons were within a class of persons whom Goodyear could reasonably expect to occupy a vehicle on which a Goodyear tire was mounted.

Plaintiffs point out  that the term "vicinity" is taken directly from New Mexico jury instructions in products liability cases, and embodies the concept that the manufacturer's duty is extended to all who may be foreseeably endangered.  NM UJI Civ. 13-1402 provides:

> The supplier of a product has a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of the product or manner in which it is used.  This duty is owed [to persons who can reasonably be expected to use the product] [and] [to persons who can reasonably be expected to be *in the vicinity* during the use of the product.]   [Emphasis added].

Goodyear argues that "Plaintiffs-Intervenors seem to suggest that Goodyear is obligated to be familiar with Plaintiffs' intended definition" [Doc. 141, at 3].  This is the kind of dispute that could easily have been resolved by a telephone call.  Goodyear's counsel could simply have asked, "What do you mean by 'vicinity'?" and Plaintiffs' counsel could have explained that the term comes from the UJI.  That kind of cooperation and communication between and among counsel is expected.  The term "vicinity" is not vague or ambiguous, and the RFA is not objectionable.

RFA No. 2 is deemed admitted.

<u>RFA Nos. 3-8</u>

These Requests ask Goodyear to "admit" a series of legal conclusions, such as "Goodyear has a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of its product" [RFA No. 3]; and "Goodyear has a duty to consider foreseeable risks of injury caused by a condition or the manner in which its product is used" [RFA No. 8].

Goodyear objected to RFA Nos. 3-8 on grounds they call for pure legal conclusions and are overly broad, vague and ambiguous.  Goodyear states that it can neither admit nor deny the Requests.

A RFA is appropriate if it asks for the admission of the truth of any matter relating to a statement of fact, or the application of law to fact.  Fed. R. Civ. P. 36(a).  However, a request that the responding party admit a pure proposition of law or a legal conclusion, unrelated to the facts of the case, is objectionable.  <u>Hutchinson v. Pfeil</u>, 201 F.3d 448 (Table, text in Westlaw), No. 98-5043, 1999 WL 1015557, at *4 (10th Cir. Nov. 9, 1999); <u>Tulip Computers Int'l B.V. v. Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2002); <u>United States v. Estate of Dickerson</u>, 189 F. Supp. 2d 622, 625 (W.D. Tex. 2001).  "An admission of a matter involving the application of law to fact may, in a given case, . . . narrow the issues . . . .  [However, Rule 36] does not authorize requests for

admission of law unrelated to the facts of the case."  Advisory Committee Notes to Rule 36, 1970
Amendments.

RFA Nos. 3-8 are insufficiently tied to the facts of this case and would require Goodyear to
"admit" pure legal conclusions.  The jury will be instructed on the proper standard of care in this case.
The Court sustains Goodyear's objections.  No further responses to RFA Nos. 3-8 are required.

RFA Nos. 9 and 10

RFA No. 9 reads, "A tread separation from the steel belt is reasonably foreseeable."  RFA No.
10 reads, "It was reasonably foreseeable on August 13, 2002, that a tread could separate from the
steel belt."

Goodyear objected to No. 9 on grounds it is overly broad, vague and ambiguous and "cannot
be answered in the abstract."  Goodyear objected to No. 10 on the same grounds, and stated in
addition that the Request is "undefined" and ambiguous with respect to the phrase "a tread could
separate from the steel belt," and because the Request does not identify any person to whom such a
circumstance could be reasonably foreseeable.

In its supplemental response to both of these RFAs, without waiving its previous objection,
Goodyear states that it is well known in the tire industry, including on August 13, 2003,  that a tread-
belt separation in a steel-belted radial tire can result from a wide variety of "service conditions";
Goodyear then goes on to list numerous such causes –  none of which relates to any design or
manufacturing defect, which is what Plaintiffs allege in this case – but which relate instead to various
sorts of improper treatment and use of the tire, which Goodyear alleges contributed to the accident
in this case.  Goodyear reiterates in its amended response that it cannot otherwise admit or deny the
request.

A party may not refuse to admit or deny a request on the ground that the RFA encompasses an ultimate issue in the case.  "[I]t matters not that plaintiffs herein bear the burden of proof on the issues that they request defendants to admit . . . .  It is also irrelevant that plaintiffs' requests sought admissions on so-called 'ultimate facts.'  Rule 36(a) neither expressly nor implicitly excepts such facts from its requirements. Indeed, the rule expressly states that a party may not refuse to respond to a request merely on the ground that the 'matter for which an admission has been requested presents a genuine issue for trial.'" City of Rome v. United States, 450 F. Supp. 378, 383 (D.D.C. 1978) (three-judge court), aff'd, 446 U.S. 156, 100 S. Ct. 1548 (1980).

However, in this case, Goodyear has adequately explained why it can neither admit nor deny this Request, as discussed by Steven Baicker-McKee in Federal Civil Rules Handbook 2006.  Clearly, under certain conditions not included in the RFA, it is foreseeable that a tread could separate from the steel belt.  However, the RFA as served doesn't include the condition that make the separation foreseeable.

Goodyear's objections to RFA Nos. 9 and 10 are sustained.  Goodyear need not submit amended responses to these RFAs, either admitting or denying the statements.

RFA No. 11

This Request reads, "A tread separation from the steel belt poses a risk of harm."

Goodyear objected to the RFA as overly broad, "undefined," vague and ambiguous in terms of the circumstances sought to be described.  Subject to this objection, Goodyear "admits" that improper driver response and other factors unrelated to manufacturer liability can lead to loss of control following a tread/belt separation; it denies that a tread/belt separation normally adversely affects vehicle dynamics so as to cause loss of control, and it denies the Request in all other respects.

8

The Request is not objectionable.  Goodyear's response appears to constitute a complete denial of the statement; however, the response does not specifically address the statement posed. Goodyear must submit an amended response either admitting or denying the statement as written.

RFA No. 12

This RFA reads, "The harm which could reasonably be expected from a tread/belt separation includes death."

Goodyear objected to this RFA as "undefined," overly broad, vague and ambiguous.  Without waiving the objection, Goodyear further denies that a tread-belt separation normally adversely affects vehicle dynamics so as to cause a loss of control, and it denies the Request in other respects.

As with RFA No. 11, the Request is objectionable.  Clearly, under certain circumstances and speeds, death is a foreseeable harm.  However, it is not an ever-present risk in all cases.  The Court sustains the objection.

RFA No. 13

This Request reads, " Knowledge that either a condition of one of its products or a manner of its use posed a risk of death would be unacceptable to Goodyear."

Goodyear objected to this Request on grounds it is "undefined," overly broad, vague and ambiguous with respect to the terms "condition," "manner of its use," and "unacceptable," and cannot be answered in the abstract.  Goodyear neither admits nor denies the RFA.  In its supplemental responses, Goodyear denies that it can control the conditions to which consumers subject its tires or the manner in which the products are used, and it states it cannot further admit or deny the Request.

The term "unacceptable" is impermissibly vague.  Do Plaintiffs mean morally unacceptable? Unacceptable because such a circumstance would erode corporate profits?  The objection as to vague

and ambiguous phrasing is sustained, and no further response is required.

RFA No. 14

This Request reads, "Goodyear formulates, designs, manufactures, inspects and tests with one goal being that the tread not separate from the carcass of the tire."

Goodyear objected on grounds of overbreadth, vagueness and ambiguity to the extent the Request implies that all of Goodyear's activities as described have the stated goal. Without waiving the objection, Goodyear admits that it tests its tires for endurance and durability and that tread separation is one of many events monitored during such testing. Goodyear states that it cannot otherwise admit or deny the request. In its supplemental response, Goodyear states further that it does not formulate, design, manufacture, inspect or test tires that will be sold to the public with the goal that the tread separate from the remainder of the tire.

The response fairly meets the substance of the Request. A qualification or explanation is permitted in response to a RFA where the Request contains assertions which are only partially correct. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988). No further response is required.

RFA No. 15

This RFA reads, "Goodyear does not formulate, design, manufacture, inspect or test its tires with the intent that the tread separate from the reminder of the tire."

Goodyear objected on grounds of overbreadth, vagueness and ambiguity. Without waiving the objection, Goodyear "admits only that it Goodyear does not formulate, design, manufacture, inspect or test tires that will be sold to the public with the intent that the tread separate from the remainder of the tire," but it denies the request "to the extent that it is intended to imply that Goodyear can control the conditions to which the tires are subjected after they leave Goodyear's

control."

The objection is overruled.   The response constitutes a complete admission.  RFA No. 15 is deemed admitted.

RFA No. 16

This Request reads, "Goodyear tests its tires for tread separation."

Goodyear objected to the RFA as overly broad, vague and ambiguous.  Without waiving the objection, Goodyear admits that it tests its tires for endurance and durability and that tread separation is one of many events monitored during such testing.

The objection is overruled.   The response constitutes a complete admission.  RFA No. 16 is deemed admitted.

RFA No. 17

This Request reads, "Tread/belt separations can occur as a result of the condition of the tire."

Goodyear objected on grounds the Request is "undefined," overly broad, vague and ambiguous with respect to the terms "condition" and "the tire."   Without waiving the objection, Goodyear admits that tread/belt separations can occur from a wide variety of "service conditions," including improper handling and use, but states it cannot otherwise admit or deny this Request.

In their brief, Plaintiffs state that various deposition witnesses "admitted that tread separations do result from manufacturing and materials deficiencies."   As Goodyear points out, the RFA was not drafted with this level of precision.  The Court agrees that the RFA as written is too vague to require a response.  The objection is sustained.

RFA No. 18

This Request reads, "Tread/belt separations can occur from something that happens while

11

making a tire."

Goodyear objected on grounds the Request is "undefined," overly broad, vague and ambiguous with respect to the phrase "something that happens while making," and Goodyear neither admitted nor denied.  In its supplemental response, Goodyear states that, subject to the objection, it "admits only that a tread/belt separation can result from a manufacturing defect although such a defect is rarely a cause."   Goodyear denies this request as to the subject tire.

The Request is unartfully drafted and is both vague and imprecise.  Neither an admission nor a denial would accomplish the purpose of relieving the parties of the burden and expense of proving facts at trial.  The Court sustains the objection.  No further response is necessary.

RFA No. 19

This Request reads, "Tread/belt separation can occur as a result of tires design."

Goodyear objected on ground of overbreadth, vagueness, ambiguity, and because the Request is "incomprehensible" with respect to the phrase "can occur as a result of tires design."  Subject to these objections, Goodyear admits only that "it is hypothetically possible that a tread/belt separation can result from a design defect."   Goodyear denies this Request as to the subject tire.

The RFA may contain a typographical error – "tires designs" – but it is not incomprehensible.  The response constitutes an admission, and it is deemed as such.  Objections are overruled.

RFA No. 20

This Request reads, "On or before August 13, 2002, Goodyear recognized the hazard and risk of injury from a tread/belt separation.'

Goodyear objected to the Request as overly broad, vague and ambiguous with respect to the phrase "recognized the hazard and risk of injury from a tread/belt separation."  Without waiving the

objection, Goodyear refers to its response to RFA No. 11 and states it cannot otherwise admit or deny this Request.  In its response to RFA No. 11, Goodyear "denie[d] that a tread/belt separation normally adversely affects vehicle dynamics so as to cause loss of control . . . ."

This response appears to constitute a complete denial of the statement, but it does not specifically address the statement posed.  The Request is not objectionable, and Goodyear is directed to submit an amended response either admitting or denying the statement as written.

## <u>Order</u>

IT IS THEREFORE ORDERED that Plaintiffs-Intervenors' Motion for a Determination of the Sufficiency of The Goodyear Tire & Rubber Company's Responses to Plaintiffs' Intervenors' First Set of Requests for Admissions [Doc. 122], is granted in part and denied in part, as deatiled above.  Matters which the Court deems admitted are stated above.  For any Requests as to which the Court ordered additional responses, Goodyear shall serve those responses within ten days of the date of this Order.

Lorenzo F. Garcia
Chief United States Magistrate Judge