# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEPHANIE GONZALES, et al.,

        Plaintiffs,

v.          No. CIV 05-941 BB/LFG

THE GOODYEAR TIRE AND RUBBER COMPANY, et al.,

        Defendants,

ALICIA MARIE HOLGUIN, et al.,

        Plaintiffs-Intervenors

v.

THE GOODYEAR TIRE AND RUBBER COMPANY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS AND PLAINTIFFS-INTERVENORS' MOTION FOR AN *IN CAMERA* INSPECTION

THIS MATTER is before the Court on Plaintiffs and Plaintiffs-Intervenors' Motion for an *In Camera* Inspection [Doc. 116], filed herein on June 26, 2006. "Plaintiffs and Plaintiff-Intervenors" will be referred to herein as "Plaintiffs," for simplicity and in keeping with their own nomenclature in their briefing.

Defendant the Goodyear Tire & Rubber Company ("Goodyear") filed its Response [Doc. 133] to the Motion on July 13, 2006, and Plaintiffs filed their Reply [Doc. 156] on August 2, 2006. The Motion is now fully briefed and ready for ruling.

This case arises from an automobile accident occurring in August 2002, in which Adolfo

Michael Valencia and Mary Alice Valencia were killed and Mary Alice's son, Gerald Padilla, was injured. Claimants contend that the accident was caused, *inter alia*, by a design or manufacturing defect in a Goodyear tire, which defect resulted in separation of the tire tread and caused the rollover accident. They contend further that alternative tire designs were feasible at the time of manufacture, including a nylon overlay which renders tread separation less likely and which is used in other lines of Goodyear light truck tires.

Several discovery motions have been filed in this case. A major area of contention between the parties has been the appropriate scope of discovery. On August 10, 2006, the Court filed a Memorandum Opinion and Order Granting in Part Defendant Goodyear's Motion for Protective Order [Doc. 164], in which the Court defined the relevant group of tires as follows: the subject tire – that is, Goodyear's Pathfinder Radial ATR LT215/75R15 light truck tire manufactured in Valencia, Venezuela during the 36th week of 1997 – and all other Goodyear tires made from the same green tire, with the same tread pattern. The Court will refer to this Memorandum Opinion hereafter as the "Order on Scope of Discovery." The definition set forth in that Order will be referred to as the set of tires which includes "the subject tire and similar tires."

In making this ruling, the Court considered all of the material submitted by the parties, including the information supplied by Plaintiffs regarding the same two cases they discuss at length in the present motion, Torres v. Kelly-Springfield Tire Co., Cause No. 2001CVQ000520-D1, 49th Judicial District Court, Webb County, Texas; and Cantu v. Goodyear Tire & Rubber Co., Cause No. C-05-4, United States District Court, Southern District of Texas.

The Court is aware that some Texas courts, state and federal, determined that it would advance the litigation in those cases to conduct *in camera* examinations of documents to assist in

setting the scope of discovery. Plaintiffs argue that the Court should do the same in this case, and in this Motion, they ask the Court to conduct an *in camera* inspection of some undefined group of documents from Goodyear's files.

Plaintiffs state that such an examination is necessary, because Goodyear refuses to produce "the information which caused it to investigate tread separations of its light truck tires with nylon overlays in the mid 1990s as a result of information that came to its attention in the early 1990s." [Doc. 116, at 2]. They argue that the information available to Goodyear at that time, and Goodyear's analysis of that information and studies and tests conducted, could shed light on the process which led Goodyear to include nylon overlays in certain of its light truck tires, while not including such overlays in the type of tire at issue in this litigation.

In its Order on Scope of Discovery, the Court discussed the issue of "substantial similarity" as it bears on the discovery issues in this case and determined that, for the most part, discovery should be limited to information about the subject tire and similar tires, as that group is defined in the Order on Scope of Discovery. However, a few exceptions have been made, and others may be made in the future, to expand this scope of discovery in certain limited circumstances in acknowledgment of the fact that *some* information about tires outside that group is relevant to the claims and defenses in this action.

In particular, the Court refers the parties to the Order on Scope of Discovery, at 25-26, in which the Court ordered that two studies – one from the "Tread Throw Team" and another from the "Crown Integrity Team" – are proper subjects for discovery in this case. (The Court recently ruled, for example, that Goodyear must produce the final reports of these two committees, *see*, Memorandum Opinion and Order Granting in Part and Denying in Part Plaintiffs-Intervenors' Motion

3

to Compel Defendant Goodyear to Fully Respond to Discovery, filed herein on August 18, 2006, at 30-31, ruling on Request for Production No. 6).

This decision to allow limited discovery as to the findings of these two committees was based on the fact that some tires in the Load Range C category – which is the group encompassing the subject tire – were included in these studies, even though the primary focus of the studies was on tires in categories D and E. In addition Plaintiffs are, as they argue, entitled to discovery concerning the process by which Goodyear made the decision to include nylon overlays in some categories of light truck tires, and not in the category which included the subject tire. The use and non-use of nylon overlays is a major focus of Plaintiffs' case.

This determination, however, does not give Plaintiffs license to look through mountains of irrelevant information on Goodyear's tires in Load Ranges D and E, as tires in these categories are not sufficiently legally "similar" to justify the sort of wholesale production urged by Plaintiffs.

The Court has considered the parties' submissions, including exhibits, citation of authorities and argument of counsel, in this Motion and earlier Motions in this case, and concludes that it is not necessary to conduct an *in camera* inspection of Goodyear's files in order to determine the proper scope of discovery in this case. The fact that some other courts in similar cases may have decided to do so, or that other courts may have decided not to do so, is not determinative nor even persuasive in this case.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for an *In Camera* Inspection [Doc. 116] is denied.

                                                    Lorenzo F. Garcia
                                                    Chief United States Magistrate Judge